ANSEL EMERSON, RESPONDENT, *v.* THE AUBURN AND OWASCO LAKE RAILROAD, APPELLANT.

*Summons — served upon corporation — "managing agent" of — who is.*

One Treat, the president and superintendent of a street railway in Auburn, was, on June 1, 1876, employed by the president of the defendant, a steam railroad company, to superintend the running of horse cars on a portion of defendant's road not yet completed. Treat had no authority to make contracts for the defendant, except to purchase horses and feed; nor had he any control over or knowledge of the affairs of the defendant, or its books; his employment was to continue during the president's pleasure.

*Held,* that a summons, in an action against the defendant, could not be served upon him as its "managing agent."

APPEAL from an order made at the Special Term, denying a motion to set aside the service of a summons.

*Ed. C. Marvin,* for the appellant.

*Wood & Rathbun,* for the respondent.

TALCOTT, J. :

This is an appeal by the defendant, from an order of the Onondaga Special Term, refusing to set aside the service of a summons in this action. The attorney for the defendant appeared for the purposes of the motion only, and moved to set aside the service of the summons, upon the ground that it was served upon a man who was casually and temporarily in the employ of the defendant.

Manly T. Treat, the person upon whom the service was made, as appears by his affidavit read on the motion, was the president and superintendent of a street railroad company in Auburn, known as the East Genesee Street and Seward Avenue railway, and on or about June 1, 1876, Elmore P. Ross, the president of the defendant, on a personal interview with the witness, employed the witness to superintend the running of horse cars for the conveyance of passengers, on a portion of defendant's road not yet completed; that the witness does not make, nor has he any authority to make, any contracts for the defendant, except for the purchases of horses and feed needed for the said portion of the passenger traffic of the defendant; that the witness, under the direction of the said president, has hired two men to act as drivers on said road, and that he never sells tickets, or takes fares on the defendant's road; that he has no control over, or knowledge of the affairs of the defendant, or knowledge of its finances or books, and that he was employed by said president as aforesaid, for no stated time, but for a term to continue at the pleasure of the said president, and that said Elmore P. Ross has been for several years the president of the defendant,' and Charles N. Ross is the secretary and treasurer of the defendant, and both of these have offices within a few rods of the office of the plaintiff's attorney.

No complaint was served with the summons.

It appears to be plain that the person served was not the "man-

aging agent" of the defendant. (See *Brewster* v. *The Mich. Central R. R.*, 5 How., 183.)    Where it is held in an opinion by WELLS, J., that a managing agent within the meaning of the statute in reference to the service of summons on a corporation, must be one who is engaged in the management of the corporation, in distinction from the management of a particular branch or department of its business.    See, also, *Flynn* v. *Hudson Railroad Company* (6 How., 308), where it was held. that to be a "managing agent" within the meaning of the said statute, the person "must have the same general supervision and control of the general interests of the corporation that are usually associated with the office of cashier or secretary."    In *Doty* v. *Michigan Central Railroad* (8 Abb., 427) it was held, that a person who had sole charge of selling tickets for the defendant, was not a managing agent and service upon him was set aside.

It is suggested that the motion was denied because the affidavit read on behalf of the defendant did not specify the grounds of the motion under the forty-sixth rule of the court.    That rule applies only to motions for *irregularity*.    The motion in this case went to the jurisdiction of the court, and probably, a judgment taken by default, in an action founded on such a service would be wholly void.

Nor was the defendant compelled to wait until the plaintiff had taken any further steps.    It is necessary to hold these services of summons strictly within the statute limitation, or otherwise, great frauds may be perpetrated by attempting to get jurisdiction of a corporation by service upon some mere employe, who has nothing to do with the general management of the corporation.

The order appealed from is reversed, with ten dollars costs and disbursements, and the service is set aside with ten dollars costs of the motion.

Present — MULLIN, P. J., TALCOTT, and SMITH, JJ.

Order appealed from reversed, with ten dollars costs and disbursements, and service of the summons set aside with ten dollars costs of the motion.